98  519
137  545

## CHARLES HIGGINS

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 14, 1881.*

1. CREDIBILITY OF WITNESS—*in criminal case, where the accused testifies in his own behalf—of the proper tests.* In a criminal case, on the trial of which the accused testified in his own behalf, the court instructed the jury in regard to the right of the accused to testify upon his own motion, and in mentioning the various tests that might be applied in determining the credibility of the witness, stated: "The jury are also to take into consideration the fact, if such is the fact, that he has been contradicted by other witnesses." Upon objection that the concluding words of the instruction ought to have been, "if the defendant was contradicted by *credible* witnesses," it was considered that the jury could not have been misled by the omission of the qualifying word "credible," especially as there had been no effort to impeach or call in question the reputation of the witnesses who were supposed to have given testimony contradictory to that given by the accused.

2. NEW TRIAL—*newly discovered evidence.* Newly discovered evidence which is merely cumulative in its character, is not sufficient to entitle the party to a new trial for that cause.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Charles Higgins and Jerry Whalen were indicted, tried and convicted upon a charge of robbery. On the trial in the court below, the court gave, among others, the following instruction on behalf of the people: "The court instructs

the jury, as a matter of law, that in this State the accused is permitted to testify in his own behalf; that when he does so testify, he at once becomes the same as any other witness, and his credibility is to be tested by and subjected to the same tests as are legally applied to any other witness, and in determining the degree of credibility that shall be accorded to his testimony, the jury have a right to take into consideration the fact that he is interested in the result of this prosecution, as well as his demeanor and conduct upon the witness stand and during the trial; and the jury are also to take into consideration the fact, if such is the fact, that he has been contradicted by other witnesses."

One of the defendants had testified in the case, upon his own motion; and, among other questions, it is objected, that the last clause of the instruction should have read: "If such fact is shown *from the evidence,* or that he has been contradicted by *credible* witnesses."

Mr. M. D. BROWN, for the plaintiff in error.

Mr. JAMES McCARTNEY, Attorney General, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment in the Criminal Court of Cook county, against Charles Higgins and Jerry Whalen, for robbery. On the trial, both of the defendants were found guilty, and sentenced to the penitentiary for a term of four years. To reverse the judgment, defendant Higgins sued out this writ of error, and urges as grounds of reversal—

*First*—That the verdict of the jury is not sustained by the evidence.

*Second*—That the court erred in giving instruction number two for the people.

The robbery was alleged to have been committed on the night of August 22, 1880, at about 12 o'clock, on a certain street in Chicago.

The prosecuting witness, Kearns, in substance testified, that the defendants robbed him; that one of them held his hands while the other "went through his pockets," and took what money he had on his person; that he recognized both of them at the time. This evidence is followed by that of one William Mathews, a night watchman for the Fort Wayne Railroad Company, whose duty called him near the place where the robbery was committed. He testified that he knew both of the defendants, and saw them a few minutes before 12 o'clock, on the night of August 22, near where the robbery was committed, going in the direction of the place where the crime was committed, and soon after they passed him he heard "some one hollowing and calling for help, police," etc. The defendant Higgins undertook to prove an *alibi*. His brother-in-law, Payne, with whom the defendant at the time boarded, testified that Higgins came to his house at 12 o'clock that night, and the place where the robbery was committed was one mile distant. Mrs. Payne, defendant's sister, corroborates her husband. If the evidence of these two witnesses was true, then it is probable that Higgins was not guilty of the crime of which he was charged; if, on the other hand, the two witnesses called in behalf of the people testified to the truth, he was doubtless guilty. It was, therefore, a question purely for the jury to determine, whether the evidence introduced by the people was entitled to a greater degree of credit than the evidence introduced by the defendants. It was a question of veracity, for the determination of the jury. The jury, in finding the defendants guilty, doubtless determined that the people's evidence was more credible and entitled to greater weight than that of defendants, and in this regard we are of opinion the finding was fully justified by the evidence.

The prosecuting witness, Kearns, who was robbed, identifies the two defendants as the persons who committed the crime. This is corroborated by Mathews, who saw the defendants in the immediate neighborhood in which the

crime was committed, a short time before, secreting themselves in an alley. If the evidence of Mathews and Kearns is true, then it is clear that Payne and his wife must be mistaken, which we have no doubt they were, as to the time the defendant appeared at their house. We are, therefore, of opinion, that the verdict was fully justified by the evidence. At all events, when the testimony is considered as a whole, we do not think there is such a reasonable doubt in regard to defendant's guilt as would justify a reversal of the judgment.

In regard to the instruction complained of, we perceive no substantial objection to it. The defendant testified before the jury on his own motion, and that part of instruction number two which is objected to was as follows :. "And the jury are also to take into consideration the fact, if such is the fact, that he has been contradicted by other witnesses." It is said the instruction ought to have declared, "if the defendant was contradicted by *credible* witnesses." If there had been an effort to impeach or call in question the reputation of the two witnesses for the people, whose evidence contradicted the testimony of defendant, there might be some force in the objection to the instruction ; but such was not the case. We can not, therefore, perceive how the jury could have been misled by the instructions. We think the instruction, as a whole, placed the case fairly before the jury.

It is also urged, that a new trial ought to have been granted on the ground of newly discovered evidence. From the affidavits filed, it appears that some new evidence was discovered after the trial, but the witnesses who knew the facts newly discovered were all on the stand, except May G. Loyd, and gave their evidence before the jury, and no good reason is shown why these facts were not then called out, if they existed; and as to the facts known by May G. Loyd, they are merely cumulative, which is no ground for a new trial.

The judgment will be affirmed.

*Judgment affirmed.*